Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210401-185501
DATE: October 29, 2021

ORDER

The claim for entitlement to payment of expenses for non-Department of Veterans Affairs (VA) medical treatment by Vanderbilt University Medical Center from October 4, 2019 to October 10, 2019 is dismissed.

FINDING OF FACT

The VA Office of Community Care Appeals Section has granted payment for services provided on October 4, 2019 to October 10, 2019 by Vanderbilt University Medical Center.

CONCLUSION OF LAW

The appeal of the issue of entitlement to payment or reimbursement for services rendered from October 4, 2019 to October 10, 2019 by Vanderbilt University Medical Center is moot. 38 U.S.C. §§ 1703, 1725, 5107; 38 C.F.R. §§ 17.52, 17.121, 20.205.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from May 1958 to May 1966. The appellant is Vanderbilt University Medical Center.

This matter is before the Board of Veterans' Appeals (Board) pursuant to a VA Form 10182 Decision Review Request: Notice of Disagreement (NOD) submitted by the appellant and received by the Board in April 2021. 

Given the date of the rating decision on appeal, the appellant's appeal is governed by the Appeals Modernization Act (AMA). In April 2021, the appellant filed a VA Form 10182, Decision Review Request: Board Appeal and elected the Evidence review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the appellant with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

The appellant provided services to the Veteran from October 4, 2019 to October 10, 2019. An April 2020 Explanation of Payment (EOP) was issued for nonpayment, stating the claims were unable to be processed as the authorization number could not be found within the VA system and advised the appellant the services were referred by a VA contractor, TriWest. The appellant advised in their VA Form 10182 TriWest would not issue payment without a proper authorization. The appellant stated the Veteran presented to their facility after leaving a VA facility and the appellant notified the VA but contends the VA did not generate the appropriate inpatient authorization. 

During the pendency of this appeal, the claim was administratively reviewed and the reprocessed for payment for the episode of care from October 4, 2019 through October 10, 2019. The VA Office of Community Care reopened the claim, assigned a corrected claim number, and submitted a request for payment to be issued to appellant.

Decisions under the Veterans Community Care Program (effective June 6, 2019), including those relating to payment for services, do not fall within the Board's jurisdiction. 38 U.S.C. § 1703 (f) ("The review of any decision under [the VCCP] shall be subject to the Department's clinical appeals process, and such decisions may not be appealed to the Board of Veterans' Appeals"). The evidence of record reflects TriWest issued an authorization for a different medical facility. The Office of Community Care reported appellant was not in-network for the October 4, 2019 through October 10, 2019 dates of service, but did give notification within 72 hours. In general, if VA is to provide payment or reimbursement of medical expenses incurred in connection with a Veteran's care at a non-VA hospital, the care must be authorized in advance. See 38 U.S.C. § 1703; 38 C.F.R. § 17.54. In the case of an emergency, an authorization may be deemed a prior authorization if an application is made within 72 hours after the hour of admission. 38 C.F.R. § 17.54.

The Board has not provided the appellant with notice as to this jurisdictional defect under 38 C.F.R. § 20.104(c). Such notice is ultimately unnecessary here. Unlike situations where clarification or additional information from an appellant may help the Board determine its jurisdiction (such as cases where an appellant explains a reason for an untimely filing or provides additional context for what issues are being appealed), there is no response from the appellant that could possibly vest the Board with jurisdiction over this appeal, as Congress itself has specifically limited that jurisdiction. Ultimately, to allow for such notice would only unduly delay the inevitable here, requiring unnecessary expenditure of the Board's time and resources. Additionally, the evidence of record reflects the appellant's claim was processed and paid, the issue of entitlement for payment for services rendered from October 4, 2019 to October 10, 2019 by appellant are moot.

In this case, the record indicates that the AOJ has reviewed and administratively approved payment for the non-VA medical services provided to the Veteran on from October 4, 2019 to October 10, 2019, representing a full grant of the benefits sought in this appeal. As a result, there is no remaining allegation of error of fact or law for appellate consideration in the present appeal. See 38 C.F.R. § 20.104. Accordingly, the Board no longer has jurisdiction over the appeal, and it is therefore dismissed. See 38 U.S.C. § 7104. 

If a later decision/EOB concerning this episode of care results in payment in an amount disagreeable to the appellant, the vendor may file a separate/additional appeal of that subsequent decision through the appropriate channels. 

Therefore, the Board does not have jurisdiction to review the appellant's claim, and it is dismissed. 

 

Evan M. Deichert

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Mouzakis, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.